IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROCKY JIMENEZ**<br>      **Petitioner,** | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 14-3995 |
| | :<br>: |
| **JOHN KERESTES,** *et al.*<br>      **Respondents.** | :<br>: |

# ORDER

**AND NOW,** this 19th day of April 2016, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa and the objections thereto, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Objections are **OVERRULED**[2];

---

[1] Where, as here, the petition has been referred to a magistrate judge for a report and recommendation ("R&R"), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Petitioner pleaded *nolo contendere* in state court to charges of murder in the third degree and criminal conspiracy to commit criminal homicide, and was sentenced to a term of 20 to 40 years of imprisonment. His sentence was affirmed on direct appeal, and Petitioner then filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), arguing that his counsel had been ineffective because he had told Petitioner that his sentence would be approximately seven to ten years of imprisonment.  The PCRA court held an evidentiary hearing, and heard testimony from several witnesses including Petitioner, a translator who had been present for conversations between Petitioner and counsel, and counsel (who testified by telephone from federal prison, where he was then serving a sentence relating to a conviction for tax evasion).  The PCRA court made a credibility determination that Petitioner had not been promised a certain sentence and denied relief.  The Superior Court affirmed the PCRA court's ruling, holding that it would not disturb the credibility findings and that Petitioner had been questioned at the change of plea hearing about whether any promises had been made to him (and about whether he was satisfied with the representation of his counsel, whose own legal troubles were well-known at the time).  The Superior Court also held that Petitioner could not obtain relief by arguing that he lied during his plea hearing. *Commonwealth v. Jimenez*, No. 2433 EDA 2012, 2013 WL 11259325 at * 3 (Pa. Super. Ct. July 3, 2013). Petitioner, through counsel, objects to the conclusions of the R&R that the state court rulings were not unreasonable in concluding that Petitioner understood the consequences of his plea and the potential sentence he could receive and that counsel was not ineffective.

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

/s/Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

In asserting a claim that counsel was constitutionally ineffective, a petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and that petitioner was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When the state court has squarely addressed the issue of counsel's representation, "'[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,' which 'is different from asking whether defense counsel's performance fell below *Strickland's* standard.'" *Grant v. Lockett*, 709 F.3d 224, 231-32 (3d Cir. 2013) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011)). Federal habeas courts must "take a highly deferential look at counsel's performance" under *Strickland*, "through the deferential lens of § 2254(d)." *Id.* at 232 (internal quotation omitted). In applying this doubly deferential standard, the Court cannot conclude that the state court's application of *Strickland* was unreasonable, particularly in light of the credibility findings made after a full hearing in the PCRA court, and agrees with the thorough analysis set forth in the R&R.

[3] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).